NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL O'CONNOR,

Plaintiff-Appellant,

v.

CYMER, LLC,

Defendant-Appellee.

No.    18-35685

D.C. No.
1:16-cv-00532-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Argued and Submitted June 7, 2019
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[**] District
Judge.

Michael O'Connor appeals a summary judgment in favor of Cymer, LLC

("Cymer") on his claim of age discrimination under the Age Discrimination in

Employment Act ("ADEA"),  28 U.S.C. § 623, and the Idaho Human Rights

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

Act, Idaho Code § 67–5901. We have jurisdiction pursuant to 28 U.S.C. § 1291, vacate the summary judgment, and remand to the district court.

1. Under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), burden-shifting framework, an employee must first establish a prima facie case of age discrimination. If the employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. If the employer satisfies its burden, the employee must show that the reason advanced by the employer was pretext for the unlawful discrimination. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). A plaintiff establishes a prima facie case of age discrimination by showing "that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Coleman*, 232 F.3d at 1281). Although a "plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination," the Supreme Court has stated that "[t]he burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

2. There is no dispute that O'Connor was over forty and was terminated. And, the district court found that there were disputed issues of fact regarding O'Connor's job performance. O'Connor was replaced by an individual eight years younger. Thus, the critical issue is whether O'Connor presented evidence that he was discharged under circumstances giving rise to an inference of age discrimination. The district court found that he did not, and therefore did not analyze the remaining prongs of the *McDonnell Douglas* test.

3. The district court erred in not doing so. O'Connor offered statements by his supervisor related to his age, salary and tenure and evidence that the supervisor called younger employees "supermen." Considering the low burden sufficient to establish a prima facie case, a reasonable factfinder could determine the evidence shows that O'Connor was "discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz*, 521 F.3d at 1207. We vacate the grant of summary judgment and remand to the district court to allow analysis of the remaining prongs of the *McDonnell Douglas* test.

**VACATED and REMANDED**.